ALEXANDER DONASON

*v.*

DANIEL WALKER.

LANDLORD AND TENANT—*damages by being prohibited to make fence.* If a tenant accedes to the request of the landlord not to build a certain fence according to his contract, until a road can be relocated, he can not, when sued by the landlord, set up a claim for damages for the loss of the use of part of the land for one season, from the fence not being built. The tenant, as owner for the term, is not bound to accede to the request or mere prohibition of the landlord in respect to fencing the premises.

APPEAL from the Circuit Court of Knox county; the Hon. AUTHUR A. SMITH, Judge, presiding.

On the 11th day of January, 1869, Daniel Walker, the appellee, as principal, with one Housh as surety, made his joint and several bond to Alexander Donason, the appellant, then conservator of the estate of Nathan Barbero, in the penal sum of $1000, conditioned for the performance of the covenants in a certain lease, and such other agreements as might be made

between the parties as supplemental thereto. The lease provided for the leasing by Donason, as such conservator, to Walker, of a certain quarter section of land in Knox county, for the term of five years from the 1st day of March, 1869. By the terms of the lease as modified by a supplemental agreement, Walker was to grub and clear and leave in a good state of cultivation sixty acres of land on the north half of the quarter, and twenty acres on the south half; also, he was to fence the land with a good and sufficient fence, and to leave the same in good repair at the expiration of the term, the fencing material to be cut anywhere on the place except on the south-west corner of the quarter, where it was not to be cut, if there was enough material to make the fence elsewhere on the place. In pursuance of the lease and such supplemental agreement, Walker went into possession of the land and remained until the expiration of the term. Donason brought this action upon the bond, assigning as breaches the failure of Walker to perform the covenants of his lease in respect to the fence, and the grubbing and clearing of the land.

It was set up by the defendant, as one ground of defense, that there was a road running through the quarter section near its south line, which plaintiff was endeavoring to get changed so as to run along the south line, and that as defendant was about to commence to build this fence along the road, plaintiff prohibited him from building the fence until he could get the road changed; that the road was subsequently changed to the south line and the fence there built; that, in consequence, defendant lost the use for one season of the south sixty acres of the land from the want of a fence on its south side, and was damaged in that respect, as he testified, $200. Upon this head the court gave to the jury, at the request of the defendant, this instruction, numbered 13th:

"13th. The jury are further instructed by the court, that if they believe, from the evidence, that defendant had, in the month of March, 1869, and during the time of the lease, made

and placed on the ground fencing for about three-fourths of a mile of fence, and was ready to build said fence, and, being so ready, was prohibited by the plaintiff from building said fence until after the location of a certain road, which the plaintiff was endeavoring to have relocated, and in consequence thereof the defendant was compelled to do a large amount of extra labor, and lost the use of sixty acres of said land for one season, thereby sustaining damage in consequence of the willful conduct of the plaintiff, then, whatever damage the evidence shows the defendant sustained the defendant can recoup and recover in this action, by deducting it from plaintiff's claim."

The verdict and judgment were in favor of the defendant, and the plaintiff appealed.

Messrs. HANNAMAN & WILLOUGHBY, for the appellant.

Mr. ADRIAN L. HUMPHREY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

There was error in giving the 13th instruction for the defendant.

There was nothing of prevention by the plaintiff of the building of the fence by the defendant at the time and place he alleges he was ready to build it.

There is no pretense of anything more than a prohibition. There would no such result follow from that as the instruction declares. The defendant was in the possession of the land, the owner of it as lessee for the term of five years. He might fence when and where he liked—do with the land as his own in this respect, despite any prohibition on the part of the plaintiff, only leaving the whole land fenced at the end of his term. Yielding obedience to such a prohibition would be a voluntary act, upon which could not be founded any such claim of damages as is set up here. But the evidence does not show so much as a prohibition. Although defendant does, in one place in his testimony, state that plaintiff forbade him from

chopping any more and building the fence until the road was relocated, that is not the purport of his whole testimony. He states it in two other places that the plaintiff requested him to delay building the fence until he could get the road changed, and that he did as requested, saying that he made no objection to plaintiff to waiting. The plaintiff testified, without any express contradiction, that he requested defendant to delay making the south line of the fence until the determination of the matter of the location of the road, and that defendant made no objections to the delay—that the latter was in favor of the removal of the road, and went with the wife of the owner to get signatures to the petition. Surely, under such testimony there should not have been the instruction that plaintiff was chargeable for the loss of the use of sixty acres of land for one season from the fence not being built. He had reason to suppose that his request to delay the fencing was acceded to as a free act, and without price. At least, to found such a liability as is asserted, there should have been notice beforehand of the price of compliance with plaintiff's request, to give him an opportunity to say whether he desired compliance upon such terms or not.

There was no express promise here to pay for the loss of the use of this land, and we see nothing in the evidence upon which to found any such implied promise.

We regard the instruction as wrong, and as there was evidence tending to show a breach of the covenants of the lease in the particulars assigned, and considerable damage as resulting, there is reason to think that a recovery by the plaintiff might have been defeated by this instruction.

The opposite instruction upon the subject which was asked for by the plaintiff, was in accordance with the view we have expressed, and should have been given.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*